
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 0 6 2005
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM E. BRADFORD | CIVIL ACTION NO. 05-0414-A |
| VS. | SECTION P |
| MAJOR JIMMY CHEVALIER | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se petitioner William E. Bradford on March 7, 2005. Bradford is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Rapides Parish Detention Center, Alexandria, Louisiana, where he is serving concurrent twenty year sentences imposed following his 2003 convictions for manufacturing and possessing with the intent to distribute controlled dangerous substances in the Ninth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On or about March 6, 2003, petitioner was arrested and

charged with manufacturing a Schedule II controlled dangerous substance and possession with intent to distribute a Schedule II controlled dangerous substance. The charges were lodged in the Ninth Judicial District Court, Rapides Parish, Louisiana.

2. On May 16, 2003 petitioner filed a Motion to Suppress alleging that "[a]ll contraband discovered was procured in violation of the defendant's rights secured to him under the Fourth Amendment of the United States Constitution..." [Doc. 1-4, pp. 20-21] In due course, a hearing on the motion was convened. [Doc. 1-4 pp. 26-48] The Motion to Suppress was denied by the trial court and on July 14, 2003 petitioner pled no contest to both charges making an "Alford" and "Crosby" plea.[1]

3. Petitioner appealed to the Louisiana Third Circuit Court

---

[1] A so-called "Alford" plea is an equivocal plea named for Henry C. Alford, whose plea was upheld by the Supreme Court in North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). A defendant entering an Alford plea pleads guilty but affirmatively protests his factual innocence to the charged offense. See Alford, 400 U.S. at 31, 91 S.Ct. at 65.

While a plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings, in Louisiana, a defendant may condition his plea, subject to acceptance by the trial court, upon the reservation for appellate review of specified pre-plea errors. State v. Crosby, 338 So.2d 584, 588 (La.1976), State v. Aguillard, 357 So.2d 535, 537 (La.1978). The Crosby plea permits a fair and efficient review of a central issue when the pre-plea ruling, if erroneous, would mandate reversal of any resulting conviction. The typical pre-plea ruling subject to a Crosby reservation is a motion to suppress inadmissible evidence illegally or unconstitutionally obtained which would mandate reversal of any conviction, in spite of the guilt or innocence of the accused. State v. Burns, 602 So.2d 191, 193 (La.App. 3d Cir.1992).

of Appeals and argued four assignments of error, all related to the denial of his Motion to Suppress. As noted by the court of appeals, "The Defendant contends the trial court erred in finding that the search of his property was validated by the existence of a previous warrant for the Defendant that was unknown to officers at the time. He also argues that the trial court erred in determining that the officers entering the property in violation of a no trespassing sign did not invalidate the search because of the existence of the old warrant. Finally, the Defendant states the trial court erred in holding the Defendant gave voluntary consent to the search of his property." On May 12, 2004, petitioner's convictions were affirmed in an unpublished opinion of the Third Circuit Court of Appeals.[See State of Louisiana v. William Bradford, 03-1502(La App.3d Cir.5/12/2004) at Doc. 1-4, pp.3-18]

4. Petitioner sought further review in the Louisiana Supreme Court. On November 8, 2004, petitioner's writ application was denied. State of Louisiana v. William Bradford, 2004-1468 (La. 11/8/04), 885 So.2d 1119.

5. On March 7, 2005 petitioner filed his federal habeas corpus petition alleging that his conviction was the product of an illegal search and seizure. In support of this claim he alleged, "On March 6, 2003, Rapides Parish Officers conducted a warrant-less search without consent while trespassing on posted

3

property." [Doc. 1-1, paragraph 5 at p. 2]

## LAW AND ANALYSIS

The scope of federal *habeas corpus* review of Fourth Amendment claims has been severely restricted by the Supreme Court. Based on principles of comity and respect for the finality of state court judgments, the Supreme Court, in <u>Stone v. Powell</u>, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.*, 428 U.S. at 494, 96 S.Ct. at 3052.

Petitioner was afforded the opportunity to raise and litigate his Fourth Amendment claim at trial court and appeals court levels. As noted above, petitioner litigated a Motion to Suppress in the state district court; he appealed the denial of that motion to the Third Circuit Court of Appeals and ostensibly sought review of the Third Circuit's decision in the Louisiana Supreme Court.

<u>Stone's</u> 'full and fair opportunity to litigate' requirement is satisfied if the state affords a defendant an evidentiary hearing to determine the factual basis for his Fourth Amendment challenge and provides an opportunity for meaningful appellate

4

review by a higher state court. Smith v. Wainwright, 581 F.2d 1149, 1151 (5th Cir.1978) ( citing O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir.1977)).

Thus, it is clear that the State of Louisiana has provided the petitioner with an opportunity for full and fair litigation of his Fourth Amendment claims by providing an evidentiary hearing at the trial level and thereafter, meaningful review at the appellate level. Petitioner's ground for relief which alleges a Fourth Amendment violation is therefore barred from federal *habeas* collateral review by Stone v. Powell, and should be denied.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 6th day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE